UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re Toni Broadnax,　　　　　　　　　　　　　Case No. 14-59276
　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　Debtor.　　　　　　　　　　　Hon. Marci B. McIvor
_____/

**OPINION REGARDING MOTION FOR RELIEF FROM ORDER CONFIRMING CHAPTER 13 PLAN ON BEHALF OF CONSUMER PORTFOLIO SERVICES, INC.**

This matter is before the Court on the motion of creditor Consumer Portfolio Services, Inc. ("CPS") for Relief from Order Confirming Chapter 13 Plan. CPS asserts that it never received notice of Debtor's bankruptcy and that the treatment of its claim in Debtor's confirmed Chapter 13 plan violates the Bankruptcy Code. For the reasons stated in this Opinion, there are questions of fact which require an evidentiary hearing.

**I. Facts**

On April 22, 2013, debtor Toni Broadnax entered into a retail installment sale contract with Crest Ford, Inc. to purchase a 2007 Ford Edge for $12,519.92. Under the contract, Debtor was required to make 54 payments of $341.26 commencing on May 22, 2013. The contract was subsequently assigned to CPS.

On September 9, 2014, October 9, 2014, and November 7, 2014, CPS sent billing notices to Debtor. The billing notices stated that the account was past due and stated the amounts past due. The billing notices listed two relevant mailing addresses. One address, a post office box in Phoenix, Arizona, was for payments. The billing notice expressly stated "Please do not send correspondence to this address." The other address, a post office box in Irvine, California, was

1

for "payoff or correspondence." (CPS Brief in Support of Motion to Lift Stay, Docket No. 60, Ex. A-C); Gipson Aff. ¶¶ 4-6).

On November 28, 2014, Debtor paid CPS $682.52. This was a double payment under the contract and brought Debtor's account "current." (Affidavit of Maribel Gipson ¶ 8, hereinafter "Gipson Aff. ¶ __").

On December 17, 2014, Debtor filed a voluntary Chapter 13 bankruptcy petition and a list of creditors (which is also referred to as the matrix). CPS was listed on Debtor's schedule D but was not included on the matrix.

On December 21, 2014, the clerk of the bankruptcy court, through the Bankruptcy Noticing Center, sent a "Notice of the Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines" to all of the creditors listed on the matrix.

On December 23, 2014, Debtor amended her matrix and added CPS to the list. The mailing address listed for CPS on the amended matrix is the post office box in Phoenix, Arizona (i.e. the address designated for payments).

On December 23, 2014, Debtor served all of the creditors on the amended matrix with notice of the Chapter 13 bankruptcy and the proposed Chapter 13 plan. Service was made by U.S. mail.

On March 24, 2015, Debtor's Chapter 13 plan was confirmed. Under the terms of the confirmed plan, the secured debt owed to CPS was crammed down to $3,000 at an interest rate of 5.25%. (Docket No. 31).

On June 3, 2015, Debtor filed a proof of claim on behalf of CPS (claim No. 10-1).

On September 21, 2015, CPS filed a Motion for Relief from the Automatic Stay,

asserting that it never received notice of Debtor's bankruptcy and that its treatment under the confirmed plan violated the Bankruptcy Code. (Docket No. 54). On November 19, 2015, the Court held a hearing, denying the Motion for Relief from Stay.

On December 22, 2015, CPS filed the present Motion from Relief from Order Confirming Plan. (Docket No. 69). Debtor filed an objection to that Motion.

On January 28, 2016, a hearing was held on the Motion for Relief from Order Confirming Plan and additional briefs were requested. Those briefs have been filed and reviewed by the Court.

## II. Standard for Relief from a Chapter 13 Confirmation Order

In the present Motion, CPS asserts that it did not receive adequate notice of Debtor's bankruptcy and, therefore, is not bound by the terms of the confirmed plan.

An order confirming a chapter 13 plan is a final judgment. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). The Bankruptcy Code permits revocation of a Chapter 13 confirmation order under very limited circumstances. Section 1330 provides, in relevant part:

> On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

11 U.S.C. § 1330(a).[1] While the plain language of this provision limits the grounds for revocation of Chapter 13 confirmation orders to fraud, "it does not statutorily prohibit a party from revisiting a confirmation order based on constitutional due process concerns such as

---

[1] Revocation of a Chapter 13 confirmation order under this section requires the filing of an adversary proceeding under Fed. R. Bankr. P. 7001(5).

3

adequate notice." *In re Miller*, 428 B.R. 791, 796 (Bankr. S.D. Ohio 2010); *In re Hudson*, 260 B.R. 421, 444 (Bankr. W.D. Mich. 2001)(noting that constitutional requirements will trump a conflicting statute and that the Supreme Court has repeatedly held that bankruptcy laws are subject to the requirements of due process).

Due process, in general, requires that notice must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In the context of a Chapter 13 bankruptcy proceeding, it means that "confirmation of a chapter 13 plan cannot be *res judicata* as to objections later raised by a creditor if the creditor has not received adequate notice in the bankruptcy case." *Vincenty v. Sandoval (In re Sandoval)*, 327 B.R. 493, 507 (1st Cir. BAP 2005).

A due process challenge to a Chapter 13 revocation order may be brought pursuant to Federal Rule of Civil Procedure 60. *In re Hudson*, 260 B.R. 421, 444 (Bankr. W.D. Mich. 2001)(Rule 60 may be used to set aside or relieve a party from the effect of a chapter 13 confirmation order when notice is constitutionally inadequate). Fed. R. Civ. P. 60, made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024, provides for relief from a judgment or order. Rule 60(b) sets forth several justifications for such relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct, (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or (6) any other reason justifying relief from the operation of the judgment.

In the present case, CPS argues that the Confirmation Order is void pursuant to Rule

4

60(b)(4) because it was not properly served with notice of Debtor's bankruptcy.

### III. Notice under the Bankruptcy Code: 11 U.S.C. § 342

When a bankruptcy petition is filed, notice of the filing is mailed by the *clerk of the bankruptcy court* to the addresses shown on the list of creditors filed by the debtor. 11 U.S.C. §342(a); Fed R. Bankr. P. 2002(f)(1) and (g)(2). That notice also includes the date for the first meeting of creditors and the date for confirmation of Debtor's proposed plan if the case is filed under Chapter 13. If a debtor amends the list of creditors, the *debtor* is required to "give notice of the amendment to the trustee and to any entity affected thereby." Fed. R. Bankr. P. 1009(a). Local Bankruptcy Rule 1007-1(d) requires that the *debtor* serve a copy of the proposed Chapter 13 plan on all creditors.

11 U.S.C. § 342 addresses, generally, the manner in which notice is effectuated. Section 342(c)(1) addresses, specifically, the manner in which notice is effectuated when a rule, or applicable law, requires that notice be given by a *debtor* (as opposed to when notice must be given by the clerk of the court). Section 342(c)(2)(A) specifies the address to which the debtor must send notice if, within 90 days of the filing of the case, the creditor has sent at least two communications to the debtor which specify an address to which correspondence must be sent. That section states:

> If, within the 90 days before the commencement of a voluntary case, a creditor supplies the debtor in at least 2 communications sent to the debtor with the current account number of the debtor and the address at which such creditor requests to receive correspondence, then any notice required by this title to be sent by the debtor to such creditor shall be sent to such address and shall include such account number.

11 U.S.C. § 342(c)(2)(A).

5

In the instant case, the Federal Rules of Bankruptcy Procedure and the local rules for the Eastern District of Michigan required Debtor to provide CPS with notice that it had been added as a creditor and to provide CPS with a copy of the proposed plan. It appears to be undisputed that within 90 days before the commencement of the case, CPS sent three billing statements to Debtor and that those billing statements clearly stated the address to which correspondence should be sent. It is also undisputed that Debtor notified CPS that it had been added as a creditor and sent a copy of the proposed plan to the payment address (the Phoenix, Arizona post office box), not the correspondence address (the Irvine, California post office box). Therefore, this Court finds that Debtor failed to comply with 11 U.S.C. § 342(c).

CPS argues that Debtor's failure to comply with § 342(c)(1) is grounds for vacating the Confirmation Order because CPS did not receive notice in the manner prescribed by the Bankruptcy Code. This Court disagrees. 11 U.S.C. § 342(c)(1) sets forth a rule for service by a debtor on a creditor, but the statute does not prescribe the remedy for a debtor's failure to comply with the statute. To determine whether CPS has grounds to vacate the Order Confirming Plan, the Court must look at whether Debtor's actions resulted in a denial of due process to CPS.

Generally, in order to satisfy due process, a creditor must receive notice of a Chapter 13 case in time to protect its rights. Even if a creditor has not received formal notice as required by the Bankruptcy Code, receipt of actual notice, by means other than those dictated by the Code, may, if received in time to protect its interests in the bankruptcy proceeding, be sufficient to satisfy due process. *Espinosa*, 559 U.S. at 272.

The Bankruptcy Code addresses actual notice at 11 U.S.C. § 342(g)(1). That section states, in relevant part: "Notice provided to a creditor by the debtor or the court other than in

accordance with this section (excluding this subsection) shall not be effective notice until such notice is brought to the attention of such creditor." Once the bankruptcy is "brought to the attention of such creditor" the creditor can no longer claim lack of notice as the grounds for a due process argument.

In the instant case, resolution of CPS's Motion for Relief from the Order Confirming Chapter 13 Plan turns on if, when, and in what manner Debtor's bankruptcy was brought to CPS's attention. If CPS had notice by way of a phone call from Debtor to a CPS employee shortly after the bankruptcy was filed (as Debtor's affidavit alleges) **and** if that employee notified other parties at CPS, then that notice might satisfy due process because CPS would have had time to file an objection to Debtor's proposed Chapter 13 plan.

On the other hand, if CPS had no notice until it pulled Debtor's credit report in September, 2015 (as stated in CPS's affidavit), CPS was denied due process because it had no opportunity to object to the plan-- a plan that clearly deprived CPS of a property right.

### IV. <u>11 U.S.C. § 1325(a)(5) and the Effect of Denial of Due Process</u>

It is important to note that CPS's substantive objection to the treatment of its debt under the Confirmed Plan is that the value of its debt was crammed down in violation of the hanging paragraph in 11 U.S.C. § 1325(5). Section 1325(5) provides, in relevant part:

> . . . section 506 shall not apply to a claim. . . if a creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day period preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle. . .

11 U.S.C. § 1325(5).

Under applicable Sixth Circuit case law, the provisions of § 1325 are mandatory and a

plan that does not comply with its provisions cannot be confirmed. *Shaw v. Aurgroup Financial Credit Union*, 552 F.3d 447, 456-57 (6th Cir. 2009). However, the Sixth Circuit, in *Shaw,* went on to note that "a creditor's failure to object [to the plan] constitutes acceptance and permits confirmation even if the plan does not treat an allowed secured claim in accordance with §1325(a)(5)(B)." *Id.*, 552 F.3d at 457-58, citing *In re Szostek*, 886 F.2d 1405, 1414 (3d Cir. 1989).

The holding in *Shaw*, that a creditor's failure to object to a plan constitutes acceptance of that plan, even if the treatment of its claim under the plan does not comply with the requirements of § 1325, highlights the critical nature of notice in the case at bar. In the present case, Debtor purchased her vehicle 604 days before the filing of her bankruptcy petition. Because the debt was incurred within the 910 day period, under § 1325, the claim cannot be stripped down and should have been treated as fully secured. The cram down of CPS's claim clearly deprived it of a property interest. The plan was confirmed on the assumption that CPS had adequate notice of the plan. Its failure to object to the Plan was deemed acceptance of the Plan. If CPS did not have adequate notice, it cannot be deemed to have consented to the treatment of its claim.

## V. Conclusion

For the reasons set forth above, the Court will hold an evidentiary hearing on Monday, March 14, 2016 at 9:30 a.m. in courtroom 1875, 211 West Fort Street, Detroit, Michigan. Both Debtor and CPS should be prepared to offer testimony. In addition, CPS must produce all relevant documentation, including copies of billing statements, phone logs, or other records indicating the dates and times CPS contacted Debtor regarding her obligations to CPS.

8

The hearing scheduled for February 25, 2015 at 1:30 p.m. is hereby canceled.

Signed on February 18, 2016

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge

9